DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| JOHN WARREN MCCOY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>THE BUCCANEER, INC., AND MICHAEL )<br>D. FISHER, )<br>)<br>Defendants. )<br>) | Civil Action No. 2015-0033 |

**Attorneys:**
**Andrew C. Simpson, Esq.,**
**Emily Shoup, Esq.,**
St. Croix, U.S.V.I.
   *For Plaintiff*

**Joel H. Holt, Esq.,**
St. Croix, U.S.V.I.
   *For Defendants*

## MEMORANDUM OPINION

THIS MATTER comes before the Court on "Plaintiff's Objections to Magistrate Judge's Order" ("Objection") (Dkt. No. 12) in which Plaintiff John Warren McCoy ("Plaintiff") objects to an Order granting Defendants The Buccaneer, Inc., and Michael D. Fisher's ("Defendants") Motion To Stay Proceedings and Compel Arbitration ("Motion to Compel Arbitration") (Dkt. No. 7). For the reasons that follow, the Court will affirm the Magistrate Judge's Order and stay the matter pending arbitration of Plaintiff's claims.

### I.   BACKGROUND

This action arose out of Plaintiff's employment at The Buccaneer Hotel, and his termination from that employment. The Complaint advances claims brought under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*; the Virgin Islands Civil Rights Act, 10 V.I.C. §

64; the Virgin Islands Wrongful Discharge Act, 24 V.I.C. § 76; and the Virgin Islands Workers' Compensation Act, 24 V.I.C. § 285. (Dkt. No. 1).

Defendants filed a Motion To Compel Arbitration and Stay Proceedings pursuant to 9 U.S.C. §§ 3-4, and a corresponding Memorandum of Law in Support thereof. (Dkt. Nos. 7, 8). In support of their Motion to Compel Arbitration, Defendants assert that Plaintiff agreed to arbitrate all claims against The Buccaneer Hotel, as well as its officers and employees, arising out of Plaintiff's employment at the Hotel. (Dkt. No. 8 at 1). In opposition to Defendants' Motion To Compel Arbitration, Plaintiff argues that there was no "meeting of the minds" regarding the arbitration agreement that he signed, because the agreement "does not contain *any* terms." (Dkt. No. 9 at 3) (emphasis in original). Specifically, Plaintiff claims that the arbitration agreement does not describe, *inter alia*, the arbitration process, how the arbitrators are to be selected, or the forum for arbitration. *Id.*

In ruling on Defendants' Motion to Compel Arbitration, Magistrate Judge George W. Cannon, Jr. found that the arbitration clause contained enough terms to be enforceable and that Plaintiff's claims fell within the scope of the arbitration clause. (Dkt. No. 7 at 3-5). Thus, the Magistrate Judge granted Defendants' Motion to Compel Arbitration and stayed proceedings in this matter pending arbitration. *Id.* at 4-5.

In his Objection, Plaintiff mostly reiterates the same arguments made in his opposition to the Motion to Compel Arbitration. (Dkt. No. 12 at 1-5). In sum, Plaintiff maintains that the arbitration agreement is unenforceable because it does not contain terms "that direct the arbitration process for the parties." (Dkt. No. 12 at 5).

In their response, Defendants argue that the arbitration clause contains the terms necessary to make it enforceable in that it contains: 1) an agreement to arbitrate; 2) a specification that the

arbitration is binding; 3) a provision allowing enforcement of any arbitration award in court; and 4) an explanation that any arbitration would cover the employment dispute in question. *Id.* In Defendants' view, the only essential term lacking in the arbitration clause is the selection process for appointing an arbitrator. *Id.* As to this issue, Defendants contend that there is no legal basis to void the entire arbitration agreement because of this "missing" term, and that, in the event the parties cannot agree on an arbitrator, the Court can appoint one for them. (Dkt. No. 13 at 3-4).

## II. APPLICABLE LEGAL PRINCIPLES

A decision to compel arbitration and stay litigation pending its resolution is a non-dispositive matter. *Sunshine Shopping Ctr., Inc. v. LG Elecs. Panama, S.A.*, 2018 WL 4558982, at *2 (D.V.I. Sept. 21, 2018) (citing *V.I. Water & Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 134 (3d Cir. 2014)). "A ruling on a motion to compel arbitration does not dispose of the case, or any claim or defense found therein. Instead, orders granting this type of motion merely suspend the litigation while orders denying it continue the underlying litigation." *Sunshine Shopping Ctr.*, 2018 WL 4558982, at *2 (citing *V.I. Water & Power Auth.*, 561 F. App'x at 134).

Accordingly, in addressing Plaintiff's Objection, the Court will review the Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [non-dispositive] pretrial matter . . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); Fed. R. Civ. P. 72(a) (providing that a district judge "must consider timely objections and modify or set aside any part of [an] order [on a non-dispositive matter] that is clearly erroneous or is contrary to law").

A finding is "'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake

has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). "In reviewing a magistrate judge's factual determinations [on a non-dispositive matter], a district court may not consider any evidence which was not presented to the magistrate judge." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing *Haines v. Liggett Group. Inc.*, 975 F.2d 81, 92 (3d Cir. 1992)).

On the other hand, district courts conduct a *de novo* review of a magistrate judge's legal conclusions on non-dispositive matters where a party objects on the basis that those conclusions were contrary to law. *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (for a non-dispositive motion referred to a magistrate judge, district courts "review[ ] findings of fact for clear error and [ ] review matters of law *de novo*") (citation omitted). "A ruling is contrary to law if the magistrate judge has misinterpreted or misapplied applicable law." *Sunshine Shopping Ctr.*, 2018 WL 4558982, at *2 (quoting *Kounelis v. Sherrer*, 529 F. Supp. 2d 503, 518 (D.N.J. 2008) (internal citations omitted)). Thus, the Court will review the Magistrate Judge's factual findings for clear error—considering the evidence which was before the Magistrate Judge when he made his ruling—and will conduct a *de novo* review of his conclusions of law.

Prior to compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), a court must first conclude that (1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement. *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014). In deciding whether to compel arbitration, courts rely on the principles of applicable state law. *See Golden Gate Nat'l Senior Care, LLC v. Addison*, 2014 WL 4792386, at *13 (M.D. Pa. Sept. 24, 2014) (citing *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior*

*Univ.*, 489 U.S. 468, 475 (1989)).[1] A "party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration as well as an order compelling such arbitration." *In re Pharm. Benefit Managers Antitrust Litig.*, 700 F.3d 109, 116 (3d Cir. 2012) (quotation marks omitted); *see* 9 U.S.C. §§ 3-4.

"The Virgin Islands Supreme Court has not expressly adopted the common law rule for formation of a valid contract." *Valentin v. Grapetree Shores*, 2015 WL 13579631, at *3 (V.I. Super. Ct. June 30, 2015). However, it has been stated that "the basic elements for what constitutes a valid contract are so widely accepted and fundamental to the practice of law in the Virgin Islands and every other United States jurisdiction that maintaining these elements is unquestionably the soundest rule for the Virgin Islands." *Id.* (citing *Machado v. Yacht Haven U.S.V.I., LLC*, 61 V.I. 373, 380 (2014)).[2] Thus, "[i]n the Virgin Islands, a valid contract requires a 'bargain in which there is a mutual assent to the exchange, and consideration.'" *Id.; accord Sunshine Shopping Ctr., Inc.*, 2018 WL 4558982, at *7 (applying Virgin Islands law). "Assent is not measured by subjective

---

[1] Here, the arbitration agreement was contained in a confidentiality agreement that Plaintiff signed as a condition of his employment at The Buccaneer Hotel on St. Croix, Virgin Islands. (Dkt. No. 9 at 1). Accordingly, the Court will apply Virgin Islands law to the instant dispute.

[2] Where prior precedent is "lacking on a common law rule, courts in the Virgin Islands must conduct what has become known as a "*Banks* analysis" to determine the applicable law in the Virgin Islands." *Halliday v. Great Lakes Ins. SE*, 2019 WL 3500913, at *5 (D.V.I. Aug. 1, 2019). The Court must first "ascertain[ ] whether any Virgin Islands courts have previously adopted a particular rule, then identify[ ] the position taken by a majority of courts from other jurisdictions, and finally determin[e] which approach represents the soundest rule for the Virgin Islands." *Gov't of Virgin Islands v. Connor*, 2014 WL 702639, at *4 (V.I. Feb. 24, 2014) (citing *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967 (V.I. 2011)).)

intent, but by outward expression." *Valentin*, 2015 WL 13579631, at *3. Further, "[i]n an arbitration agreement, consideration exists where both

parties agree to be bound by the arbitration." *Id.*

### III. DISCUSSION

The only issue before the Court is whether the parties' agreement to arbitrate is valid; specifically, whether the arbitration clause contains the necessary essential terms such that the parties had a meeting of the minds on the agreement to arbitrate. Plaintiff objects to the Magistrate Judge's ruling on the grounds that the missing terms regarding "the selection of the arbitrator(s); the selection of an arbitration service; who pays the fees; and the rules to be applied" are essential terms, the absence of which renders the arbitration clause invalid and the Magistrate Judge's ruling contrary to law. (Dkt. No. 14 at 3).

The arbitration clause, which is in paragraph 9 of the confidentiality agreement signed by Plaintiff, provides as follows:

> **9. ARBITRATION –** I agree that any dispute surrounding my employment, including but not limited to the terms of this Agreement shall be settled by binding Arbitration and judgment of the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. This arbitration agreement covers all claims as set forth herein between myself and the Hotel and/or its agents, directors, officers and employees and will continue from the time of the acknowledgement of this agreement by me the undersigned until it is otherwise terminated in writing by the agreement of both parties.

(Dkt. No. 8-1 at 3). Although Plaintiff contends that the arbitration clause is invalid because it lacks essential terms, the Court finds otherwise.

Plaintiff points to the absence of specific rules and procedures governing how the arbitration is to be conducted. In *Vegter v. Forecast Fin. Corp.,* 2007 WL 4178947, at *2 (W.D. Mich. Nov. 20, 2007), a Michigan federal court rejected an almost identical argument to the one Plaintiff makes here. The arbitration clause in that case was a single sentence, which stated that

"[a]ny and all disputes between the parties shall be resolved by way of binding arbitration in Okaloosa County, Florida." *Id.* at *1. The court rejected the plaintiff's argument that the arbitration agreement he signed was not valid, even though "it d[id] not contain ... *the method for selecting an arbitrator, the rules or procedures for the arbitration, how the costs of the arbitration will be allocated*, and how a consumer can institute arbitration proceedings." *Id.* at *2 (emphasis added). The court explained that the arbitration agreement:

> [did] not give either party authority to define the nature of the arbitral forum. Contrary to Plaintiff's contentions, the absence of language conveying authority to define the nature of the arbitral forum is not equivalent to language that gives one party exclusive authority to define the arbitral forum. In the absence of language giving one party exclusive authority, both parties would be entitled to challenge any effort by the other to define the nature of the arbitral forum.

*Id.* at *3. The *Vegter* court explained that, despite the absence of various terms, the parties could rely on gap-filling provisions provided by the FAA. *Id.* at *3-4.

This Court recently applied *Vegter* in enforcing an arbitration clause that was similar to the one in this case. In *Solar Leasing, Inc. v. Hutchinson*, 2019 WL 4576262, at *5-6 (D.V.I. Sept. 20, 2019), the parties signed an arbitration agreement, which specified only that they would try to informally resolve the dispute; that, if informal resolution failed, they would submit to binding arbitration; and that they had to continue to perform their contractual obligations during the arbitration process. Despite the absence of precise rules governing arbitration, the court enforced the arbitration agreement, explaining that the FAA and state law would permit the Court "to fill any missing gaps in the arbitration agreement's statement of applicable procedures." *Id.* at *7 n.8; *see also In re Sprint Premium Data Plan Marketing and Sales Practices Litigation*, 2012 WL 847431, at *4 (D.N.J. Mar. 13, 2012) (enforcing arbitration agreement that plaintiffs argued was invalid notwithstanding that "there[was] no language . . . . specifying the rules governing

arbitration or the arbitration forum, let alone the required qualifications of the arbitrator.") (internal citation omitted).[3]

A review of the specifics of Plaintiff's argument does not alter the Court's conclusion. Although Plaintiff contends that the arbitration clause fails to specify the number of arbitrators and the manner of their selection, these arguments are unpersuasive. The arbitration clause states that the parties agreed to binding arbitration, stating that "judgment of the award rendered by *the arbitrator* may be entered in any court having jurisdiction thereof.") (emphasis added). Consistent with standard principles of contract interpretation, the clause's reference to "the arbitrator" is in the singular form and therefore unambiguously requires arbitration by only one arbitrator. *See Norman v. Schumacher Homes of Circleville, Inc.*, 994 N.E.2d 865, 873 (Ohio App. 2013) (holding that an agreement to "binding arbitration by an arbitrator" required the appointment of only one arbitrator); *see also Three S Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 532 (4th Cir. 2007) ("When the Agreement discusses the appointment of an arbitrator, it uses the term in the singular, and it simply does not provide for disputes to be resolved by a panel of three arbitrators.").

Additionally, the FAA speaks to those instances where an arbitration agreement does not provide a method for choosing arbitrators:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; *but if no*

---

[3] Relying heavily on *Alejandro v. L.S. Holding, Inc.*, 310 F. Supp. 2d 745, 748 (D.V.I. 2004), the Magistrate Judge noted that while "the provision in *Alejandro* does refer to the rules of the American Arbitration Association, it also lacks steps to be taken with regard to the arbitration process, like the one at issue here." (Dkt. No. 11 at 4). The Court recognizes, however, that because the arbitration provision in that case referenced the rules of the American Arbitration Association, it provided a level of guidance as to the arbitration process beyond that provided in the arbitration agreement in this case. Plaintiff correctly hones in on this distinction in his Objection. Nonetheless, the Magistrate Judge's reliance on *Alejandro* does not change the result here. As explained above, *Vegter* and *Solar Leasing* are on point and guide the Court in arriving at the same conclusion.

> *method be provided therein*, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5 (emphasis added); *see, e.g., Khan v. Dell*, 669 F.3d 350, 356 (3d Cir. 2012) (determining that 9 U.S.C. § 5 required the appointment of a substitute arbitrator when the arbitrator designated by the parties was unavailable and the intent of the parties to use only the chosen arbitrator was ambiguous); *BP Exploration Libya Ltd. v. ExxonMobil Libya Ltd,* 689 F.3d 481, 490-91 (5th Cir. 2012) (explaining that "9 U.S.C. § 5 authorizes a court to intervene to select an arbitrator upon application of a party" and directing district court to select the arbitrator itself if the parties were unable to agree on one); *Ventive, LLC v. Caring People, LLC*, 2018 WL 4954070, at *1–2 (D. Idaho Oct. 12, 2018) (utilizing 9 U.S.C. § 5 when "[t]he arbitration agreement provision [did] not provide a method of naming an arbitrator, [but rather] simply require[d] that one arbitrator conduct the proceedings."); *Greenway Energy, LLC v. Ardica Techs., Inc.*, 2017 WL 2210254, at *2 (D.S.C. May 17, 2017) (deciding arbitral forum and appointing court-appointed arbitrator where arbitration clause was silent as to those issues). Thus, the absence of an explicit arbitrator-selection method does not invalidate the arbitration agreement.

Plaintiff relies on *Davis v. Hearthstone Senior Communities, Inc.*, 155 So. 3d 1232, 1234 n.1 (Fla. Dist. Ct. App. 2015) and *Bair v. Manor Care of Elizabethtown, PA, LLC*, 108 A.3d 94, 96-98 (Pa. Super. 2015) in support of his contention that the arbitration clause at issue here is unenforceable. Those cases, however, are distinguishable, and, in any event, would not render the Magistrate Judge's conclusion contrary to law. *Bair* turned, in part, on the fact that the arbitration agreement was not signed by all parties, where "the agreement […] expressly require[d] the

signature of both parties." *Bair*, 108 A.3d at 96-98. In *Davis*, the nursing home produced only the signature page of the arbitration agreement, which "contain[ed] no terms from which the court could otherwise infer the intent of the parties[.]"

Here, there is no dispute as to the execution of the arbitration agreement. Nor is there any dispute that Plaintiff signed an arbitration clause in which he agreed, *inter alia*, that "any dispute surrounding [his] employment shall be settled by binding Arbitration" and that the agreement would "continue from the time of [his] acknowledgement of [the] agreement … until it is otherwise terminated in writing by the agreement of both parties." (Dkt. No. 8-1). Moreover, regardless of the merits of either *Davis* or *Bair*, the legal authorities discussed above which support the Magistrate Judge's conclusion confirm that his ruling was not contrary to law. Accordingly, the Court finds that the arbitration clause is enforceable.

## IV. CONCLUSION

For the reasons discussed above, the Court finds that the Magistrate Judge's Order (Dkt. No. 11) is not contrary to law. Accordingly, the Court will affirm the Magistrate Judge's decision. The Court will grant Defendant's Motion to Compel Arbitration and stay this matter pending the arbitration proceedings.

An appropriate Order accompanies this Memorandum Opinion.

Date: August 28, 2020                             _____/s/_____
                                                  WILMA A. LEWIS
                                                  Chief Judge